**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JONATHAN LEONIS-MOORE, MICKYAS BERHANEMESKEL, CORIONE VERDUGO, GEORGE MOYA, JOSE ALVAREZ, NICHOLAS MURRAY, TRAVIONTA WOODS, DEMARCO DUMORE, MICHAEL MORRIS, KARSTEN MERRICK, NOAH REED, DWAYNE WHITE, RUBEN RAM, MICHAEL D. SMITH, MATTHEW R. EAGLE, TABARI CATTUM, BRANDON BUTLER, HAMILTON WADE, TERRELL FURLOW, AND SHEMORIE BRADLEY,<br><br>Plaintiffs<br><br>v.<br><br>NAPHCARE HEALTHCARE, et al.,<br><br>Defendants | Case No.: 2:26-cv-01979-APG-DJA<br><br>**Order** |

## I. DISCUSSION

Pro se plaintiff Jonathan Leonis-Moore, who was in the custody of the Clark County Detention Center,[1] has submitted a "class action" civil rights complaint under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (IFP) for himself. ECF Nos. 1, 1-1. Leonis-Moore's IFP is incomplete. *See* ECF No. 1. He is the only plaintiff who submitted an IFP and signed the complaint. *See* ECF No. 1; ECF No. 1-1 at 13.

Leonis-Moore purports to submit the complaint on behalf of himself and pro se plaintiffs Mickyas Berhanemeskel, Corione Verdugo, George Moya, Jose Alvarez, Nicholas Murray,

[1] It appears that Leonis-Moore is no longer at the CCDC. *See* ECF No. 3. He is directed to update his address with the court as required by Nevada Local Rule IA 3-1.

Travionta Woods, Demarco Dumore, Michael Morris, Karsten Merrick, Noah Reed, Dwayne White, Ruben Ram, Michael D. Smith, Matthew R. Eagle, Tabari Cattum, Brandon Butler, Hamilton Wade, Terrell Furlow, and Shemorie Bradley, who are purportedly in the custody of the CCDC. ECF No. 1-1 at 2.

Leonis-Moore is attempting to represent 19 pro se inmates, which he cannot do. Pro se litigants have the right to plead and conduct their own cases personally. *See* 28 U.S.C. § 1654. However, pro se litigants have no authority to represent anyone other than themselves. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

I dismiss the complaint in its entirety without prejudice. Leonis-Moore may pursue his claims in the instant case because he is the only plaintiff who attempted to submit a complete IFP and signed the complaint. If he wishes to pursue his individual claims in this case, he may file a fully complete IFP or pay the full $405 filing fee for a civil action and submit a first amended complaint that references only his claims and not the claims of the other 19 inmates.

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. See 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed in forma pauperis." Loc. R. LSR 1-1. For an inmate to apply for in forma pauperis status, the inmate must submit **all three** of the following documents to the court: (1) a completed Application to Proceed in Forma Pauperis for Inmate, which is pages 1–3 of the court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed Financial Certificate, which is page 4 of the court's approved form, that is properly signed by

both the inmate and a prison or jail official; and (3) a copy of the inmate's prison or jail trust fund account statement for the previous six-month period. *See* 28 U.S.C. § 1915(a)(1)–(2); Loc. R. LSR 1-2. In forma pauperis status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

Leonis-Moore has until **August 28, 2026** to either pay the full $405 filing fee or file a new fully complete IFP with **all three** required documents: (1) a completed application with his two signatures on page 3, (2) a completed financial certificate that is signed both by him and the prison or jail official, and (3) a copy of his trust fund account statement for the previous six-month period. If Leonis-Moore fails to file a complete IFP or pay the filing fee by the deadline, I will close this action without prejudice.

I grant Leonis-Moore leave to file an amended complaint that raises only his individual claims. If he chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). The amended complaint must contain all claims, defendants, and factual allegations that Leonis-Moore wishes to pursue in this lawsuit. Moreover, he should file the amended complaint on this court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

If Leonis-Moore chooses to file an amended complaint, he must file the amended complaint by **August 28, 2026,** along with a fully complete IFP. If Leonis-Moore does not file an amended complaint or fails to file a fully complete IFP or pay the $405 filing fee, I will close this action without prejudice.

## II. CONCLUSION

I THEREFORE ORDER that Leonis-Moore's IFP **(ECF No. 1) is denied** without prejudice.

I FURTHER ORDER that Leonis-Moore has **until August 28, 2026** to either pay the full $405 filing fee or file a new fully complete IFP with all three required documents: (1) a completed application with his two signatures on page 3, (2) a completed financial certificate that is signed both by him and the prison or jail official, and (3) a copy of his trust fund account statement for the previous six-month period.

I FURTHER ORDER that, if Leonis-Moore fails to timely pay the filing fee or file a complete IFP, I will close this action without prejudice.

I FURTHER ORDER the Clerk of the Court to file the complaint (ECF No. 1-1).

I FURTHER ORDER that the complaint (ECF No. 1-1) is dismissed in its entirety without prejudice.

I FURTHER ORDER that, if Leonis-Moore chooses to file an amended complaint, he will file it by **August 28, 2026**.

I FURTHER ORDER that, if Leonis-Moore fails to timely file an amended complaint, I will close this action without prejudice.

I FURTHER ORDER that all plaintiffs except Leonis-Moore are dismissed without prejudice from this case.

The Clerk of the Court is directed **to send each plaintiff** (Jonathan Leonis-Moore, Mickyas Berhanemeskel, Corione Verdugo, George Moya, Jose Alvarez, Nicholas Murray, Travionta Woods, Demarco Dumore, Michael Morris, Karsten Merrick, Noah Reed, Dwayne White, Ruben Ram, Michael D. Smith, Matthew R. Eagle, Tabari Cattum, Brandon Butler, Hamilton Wade, Terrell Furlow, and Shemorie Bradley) a copy of this order, the approved form for filing a § 1983 complaint with instructions, an IFP application for a non-NDOC inmate with instructions, and a copy of the original complaint (ECF No. 1-1).

I FURTHER ORDER that Mickyas Berhanemeskel, Corione Verdugo, George Moya, Jose Alvarez, Nicholas Murray, Travionta Woods, Demarco Dumore, Michael Morris, Karsten Merrick, Noah Reed, Dwayne White, Ruben Ram, Michael D. Smith, Matthew R. Eagle, Tabari Cattum, Brandon Butler, Hamilton Wade, Terrell Furlow, and Shemorie Bradley may initiate their own individual lawsuits by submitting their own IFPs and their own individual complaints to the Clerk of the Court in a new case.

Dated: July 25, 2026

Andrew P. Gordon
Chief United States District Judge